**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017[*]
Decided September 25, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1640

| | |
|---|---|
| RICHARD C. PLANK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-C-1281 |
| DENISE SMYDON and HANS RUFENACHT, *Defendants-Appellees*. | C. N. Clevert, Jr. *Judge*. |

**O R D E R**

Richard Plank, a Wisconsin prisoner convicted of battery and disorderly conduct, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Although the district court denied relief on all of Plank's claims, it granted a certificate of appealability on the issue whether his state pretrial counsel provided ineffective assistance when she withheld exculpatory evidence from him. Because the Wisconsin court of appeals reasonably concluded that Plank could not have been prejudiced by any possible error by his attorney, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Plank was charged with battering his live-in girlfriend after she told investigators that he sliced her in the leg with a knife and broke her nose punching her in the face. A week before trial, the state court permitted Plank's attorney, Katherine Seifert, to withdraw and ordered her to give him all discovery materials in her possession. She provided Plank discovery materials obtained from the state, including a compact disk that contained the state's photographs of the victim and crime scene.

Plank represented himself at a bench trial, with Seifert serving as stand-by counsel. Plank put forward a defense that the victim cut herself after he told her he was moving to another state, and that he did not break her nose because—as the state's photos confirmed—she had no facial bruising or swelling. Among the evidence considered by the court were two medical reports from an emergency-room doctor who treated the victim on the night of the incident (one report mentioned the victim's broken nose, the other report did not), as well as a lab report that found no trace of the victim's blood on knives seized from the crime scene.

The court found Plank guilty. Although the weapon was never located, the court determined that some of the state's photos substantiated the victim's credible testimony that Plank beat and cut her.

Plank filed a post-conviction motion for a new trial and alleged deficiencies in Seifert's handling of his case before trial. He faulted her for waiting until she withdrew from the case to share with him the state's photos, and he alleged that she never gave him the lab report or the emergency-room doctor's report that omitted mention of the victim's broken nose. At a hearing on the motion, Seifert testified that she gave Plank all discovery materials she received from her predecessor, who told her that Plank had been provided all discovery materials obtained from the state. Seifert added that she was unsure whether the lab report was included in the discovery materials, but she said she had discussed all of the evidence with Plank before she withdrew from the case.

The court credited Seifert's testimony and denied Plank's motion. The court concluded that counsel had acted "within professional norms," and that there was no reasonable probability that her allegedly deficient performance while she was still representing him affected the outcome of the trial.

Plank appealed the denial of his post-conviction motion and maintained that Seifert's failure to timely share these exculpatory materials constituted ineffective assistance. The Wisconsin court of appeals summarily affirmed. Relying on *Strickland v. Washington*, 466 U.S. 668 (1984), the appellate court concluded that Plank failed to

establish deficient conduct by Seifert or resulting prejudice. The Wisconsin Supreme Court denied further review.

Plank petitioned in federal court for a writ of habeas corpus, maintaining, as relevant here, that Seifert was ineffective for failing to timely share the state's photos of the victim, the emergency-room doctor's report that did not mention the broken nose, and the lab report that detected no trace of the victim's blood on any knife found at the crime scene.

The district court denied Plank's petition, concluding that the Wisconsin court of appeals did not unreasonably apply the general standard for ineffective-assistance claims established by *Strickland*. The district court acknowledged that the appellate court did not address Plank's specific charges that Seifert withheld exculpatory materials, but found justifiable the appellate court's conclusion that Plank had not established deficient conduct on her part or resulting prejudice.

Plank's brief on appeal is difficult to parse, *see* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but we understand him to assert that attorney Seifert's delay in giving him exculpatory evidence undermined his preparation for trial.

We agree with the district court that the Wisconsin court of appeals reasonably applied *Strickland*. Plank needed to demonstrate to the state appellate court that a reasonable probability existed that the outcome of his trial was affected by his attorney's conduct, *see Harrington v. Richter*, 562 U.S. 86, 104 (2011); *Strickland*, 466 U.S. at 693; *Carter v. Duncan*, 819 F.3d 931, 944 (7th Cir. 2016), and specifically Seifert's delay or failure to share exculpatory evidence. All of this exculpatory evidence was, however, presented to the trial court. The court learned about the lab report during the cross-examination of a police officer, and from this testimony determined that the crime weapon was not located. The court also considered Plank's explanations of the state's photos and the emergency-room doctor's report, but instead chose to credit the victim's testimony. Plank has not told us what he might have done differently at trial had he obtained this evidence before Seifert withdrew, and thus does not offer any reason to conclude that he was prejudiced by any delay.

Plank's remaining arguments exceed the scope of the issue certified for this appeal, and our review is limited to issues in the certificate of appealability, *see* 28 U.S.C. § 2253(c); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Peterson v. Douma*, 751 F.3d 524, 529 (7th Cir. 2014). And although we may construe arguments of pro se

petitioners as implicit requests to expand the certificate, *see Thompson v. United States*, 732 F.3d 826, 831 (7th Cir. 2013), we already have rejected a request from Plank to expand the certificate to cover these same issues, and we do so again here.

The district court's judgment denying Plank's petition is

AFFIRMED.